UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:25-CV-00250-CRS

TOYOTA MATERIAL HANDLING MIDWEST, INC.　　　　　　　　　　PLAINTIFF
d/b/a Prolift Toyota Material Handling

v.

KALAMAZOO PACKAGING SYSTEMS, LLC　　　　　　　　　　　　DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's ("ProLift's") Motion for a Default Judgment (DN 11). ProLift filed this action on April 30, 2025. DN 1, Complaint. On May 27, 2025, Defendant ("KPS") was served with process through service on its registered agent. DN 8, Return of Service. Despite having been served, KPS has not appeared or otherwise responded to ProLift's Complaint. As a result, on August 14, 2025, the Clerk of Court entered a default against KPS. DN 10, Entry of Default. On September 3. 2025, ProLift filed its Motion for a Default Judgment and served KPS (DN 11). KPS has not responded to the Motion and its time do so has expired. Local Rule of Civil Procedure 7.1(c). Accordingly, this matter is ripe for review.

## BACKGROUND

This action arises from KPS's failure to deliver "a fully automatic stretch wrap system" despite ProLift's having paid, as agreed, a fifty percent (50%) deposit in the amount of $161,876.50." Complaint, DN 1, at ¶¶ 8-13; *see also* Affidavit of Thomas Rademaker, DN 11-1, at ¶ 14 ("KPS failed to perform its obligations under the Final Quote Contract. KPS did not complete and/or deliver the Wrapper System, despite ProLift paying KPS that 50% deposit of $161,876.50."). On or about August 21, 2024, ProLift executed a purchase order for the wrapper system, thereby contracting with KPS. Rademaker Affidavit, DN 11-1, at ¶ 4; 8/21/24 Purchase Order, Exh. B. to Rademaker Affidavit. On August 26, 2024, KPS invoiced ProLift, seeking the

$161,876.50 deposit. *Id.* at ¶ 5; 8/26/24 Invoice, Exh. C to Rademaker Affidavit. ProLift wired that sum to KPS on September 4, 2024. *Id.* at ¶ 6; 9/24/25 Wire Confirmation, Exhibit D to Rademaker Affidavit. Despite receipt of the deposit, KPS never delivered the wrapper system. *Id.* at ¶ 14. As a result, on March 24, 2025, ProLift demanded that KPS return its deposit. *Id.* at ¶ 10. KPS did not return the deposit. *Id.* at ¶ 17. Accordingly, ProLift now seeks a judgment for the $161,876.50 plus pre-judgment and post-judgment interest. Motion, DN 11.

## ANALYSIS

Federal Rule of Civil Procedure 55(b) permits the entry of a judgment against a defendant who has failed to plead or otherwise defend against an action. To obtain a judgment by default, the plaintiff must first request a default from the clerk of court. FED. R. CIV. P. 55(a); *Shepard Claims Serv.ices, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986) (entry of default is "first procedural step on the road to obtaining a default judgment."). Once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those relating to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995). With respect to damages, the Court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *Vesligaj v. Peterson*, 331 F. App'x. 351, 354 (6th Cir. 2009) (unpublished) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999)). Further, while Rule 55(b) permits the Court to conduct a hearing with respect to establishing damages, doing so is not required so long as there is a basis for the damages specified in the default judgment. *Id.* at 354-55 (citing *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2nd Cir. 1989)).

As noted above, the Clerk entered a default on August 14, 2025. Accordingly, the allegations in ProLift's Complaint which establish KPS's failure to perform, and thus its liability

for breach of contract, are deemed to be true and KPS's liability has been established. With respect to damages, ProLift has submitted the Rademaker Affidavit, KPS's invoice for the $161,876.50 deposit, and a wire confirmation showing that ProLift sent $161,876,50 to KPS. Taken together, Rademaker's sworn statement and those corroborating objective, contemporaneous documents provide the Court with a sufficient basis on which to award $161,876.50 in damages to ProLift.

Next, ProLift seeks prejudgment interest on the sum of $161,876.50. In diversity cases, like this one, state law governs pre-judgment interest awards. *Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005). Under Kentucky law, "prejudgment interest is awarded as a matter of right on a liquidated demand, and is a matter within the discretion of the trial court or jury on unliquidated demands." *3D Enterprises Contracting Corp. v. Louisville and Jefferson Cnty. Metro. Sewer Dist.*, 174 S.W.3d 440, 450 (Ky. 2005) (citing *Nucor Corp. v. Gen. Elec. Co.*, 812 S.W.2d 136, 141 (Ky. 1991)). Kentucky law holds that an amount is liquidated if it is "of such a nature that the amount is capable of ascertainment by mere computation, can be established with reasonable certainty, can be ascertained in accordance with fixed rules of evidence and known standards of value, or can be determined by reference to well-established market values." *Id.* at 450 (citation omitted). "Examples include a 'bill or note past due, an amount on an open account, or an unpaid fixed contract price.'" *Ford Contracting, Inc. v. Ky. Transp. Cabinet*, 429 S.W.3d 397, 414 (Ky. App. 2014) (citation omitted).

ProLift's damages have been established by evidence of KPS's $161,876.50 invoice and ProLift's payment of that amount by wire. Thus, under Kentucky law, ProLift has evidenced $161,876.50 in liquated damages and is entitled to pre-judgment interest on that sum. KRS 360.010(1) provides that pre-judgment interest accrues at the rate of eight percent (8%) per annum.

Accordingly, ProLift seeks $5,783.24 in prejudgment interest for the time period between March 24, 2025 (the date it demanded KPS return its deposit) and September 3, 2025 (the date on which moved for a default judgment). ProLift calculated this sum first by determining the per diem amount of interest, using a 365-day year: $161,876.50 x .08/ 365 = $35.48. Motion, DN 11, at n.2. Next, ProLift calculated that 163 days elapsed between March 24 and September 3, 2025. As a result, at the time ProLift filed its default judgment motion, $5,783.24 in prejudgment interest had accrued (163 x $35.48 = $5,783.24). ProLift also seeks pre-judgment following September 3, 2025 at the daily rate of $35.48 for each day that precedes the entry of a judgment. Motion, DN 11 at PageID# 65-66. The Court finds that ProLift's calculations are accurate and it is entitled to pre-judgment interest in the amounts it seeks.

Finally, ProLift seeks post-judgment interest pursuant to 28 U.S.C. § 1961. Section 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Accordingly, the statute mandates the imposition of post-judgment interest and the Court shall award post-judgment interest to ProLift.

For the reasons set forth above, ProLift's Motion for a default judgment (**DN 11**) is **GRANTED**. A separate judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

September 26, 2025

Charles R. Simpson III, Senior Judge
United States District Court